IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 09-cr-163 |
| ) | See Civil Action No. 10-1521 |
| TRAVON DAWKINS, ) | |
| ) | |
| Defendant/petitioner. ) | |

ORDER

AND NOW, this 3rd day of January, 2011, upon consideration of Defendant/Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (document No. 50) filed in the above captioned matter on November 15, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice. Defendant's direct appeal is currently pending before the Third Circuit. See Doc. No. 46 (Notice of Appeal). While there may be no jurisdictional bar to consideration of a section 2255 motion to vacate during the pendency of a direct appeal, ordinarily such a motion is deemed to be premature and dismissed without prejudice. "In the context of a collateral attack upon a federal conviction, courts have concluded that there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity." United States v. Banks, 269 Fed.Appx. 152, 153 (3d Cir. 2008) (citing United States v.

1

Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006)). Accordingly, Defendant's Motion to vacate is denied without prejudice.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

cc:     Travon Dawkins
#HF-2240
SCI-Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652